UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WENDELL E. SHEPARD and HYLLE C. SHEPARD, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | Case No. 4:12CV00129 ERW |
| CITIMORTGAGE, INC.; EQUIFIRST CORPORATION; and THE FEDERAL HOME LOAN MORTGAGE CORPORATION, | ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant CitiMortgage, Inc.'s ("CitiMortgage") Motion to Dismiss for Failure to State a Claim [ECF No. 4].

### I.     FACTUAL BACKGROUND

The Court adopts the following statement of facts as well-pleaded allegations in Plaintiffs' Complaint [ECF No. 8]. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

On February 27, 2006, Plaintiffs Wendell E. Shepard and Hylle C. Shepard ("Plaintiffs") purchased property located at 2340 Windsor Drive in Florissant, Missouri ("the Property"). Plaintiffs obtained financing to purchase the Property through Equifirst Corporation ("Equifirst"), executing a Note secured by a Deed of Trust ("DOT"). The DOT, which was recorded with the St. Louis Recorder of Deeds, appointed Integrity Land Title Company ("Integrity Land Title") as Trustee. On August 31, 2010, CitiMortgage appointed the Millsap & Singer, P.C. ("Millsap & Singer") law firm as Successor Trustee to Integrity Land Title under the

DOT. On May 6, 2011, Mortgage Electronic Registration System, Inc. ("MERS"), as nominee of Equifirst under the DOT, assigned the DOT to CitiMortgage.

On June 2, Plaintiffs received Notice of Trustee's Sale, informing them that, due to an alleged default under the Note, Millsap & Singer intended to conduct a Trustee's Sale of the Property through non-judicial foreclosure on June 23, 2011.

Plaintiffs' counsel submitted a written request to CitiMortgage on June 7, asking CitiMortgage to make available for review various documents, including the original Note, the original DOT, and any endorsements or assignments of the Note or DOT. Plaintiffs also asked Millsap & Singer to delay foreclosure until CitiMortgage could make the original documents available for their inspection.

Through Millsap & Singer, CitiMortgage provided copies of the requested documents to Plaintiffs on June 7, 2011; however, the original Note, DOT, and related assignments or Allonges (additional papers firmly attached to commercial papers such as promissory notes, to provide room to write endorsements) were not produced. Among the documents provided by CitiMortgage was a copy of the Note, with an undated Note Endorsement signed by the Assistant Vice President of EquiFirst attached.

On June 23, 2011, a foreclosure sale of the Property was conducted as scheduled.

## II.  PROCEDURAL BACKGROUND

Plaintiffs filed a complaint in the Missouri state court on July 25, 2011. Plaintiffs' pleading contains two counts. Count I is claim of wrongful foreclosure directed against only CitiMortgage. Count II is an action to quiet title against CitiMortgage, Equifirst, and the Federal Home Loan Mortgage Corporation ("Freddie Mac").

Freddie Mac properly removed Plaintiffs' action to the federal courts. 12 U.S.C. § 1452(f). The Court has jurisdiction over this action. *Id.*; 28 U.S.C. §§ 1331, 1345, 1442. Now before the Court is the Defendant's Motion to Dismiss [ECF No. 4].

## III. LEGAL ANALYSIS

A party may move under Rule 12(b)(6) to dismiss a complaint for "fail[ing] to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test "the sufficiency of a complaint[.]" *M.M. Silta, Inc. v. Cleveland Cliffs, Inc.*, 616 F.3d 872, 876 (8th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. at 678 (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff[.]" *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). However, if a claim fails to allege one of the elements necessary to recovery on a legal theory, that claim must be dismissed for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011).

### Count I: Claim for Wrongful Foreclosure

In Count I, Plaintiffs allege CitiMortgage is liable for wrongful foreclosure in equity, and ask the Court to set aside the foreclosure sale and return Plaintiffs to their pre-sale status as owners of the Property. In their prayer for relief, Plaintiffs alternatively ask the Court to award them damages in an amount to be determined at trial, and for such other relief as deemed just and proper.

Under Missouri law, plaintiffs can pursue a claim in equity as a basis for setting aside a foreclosure sale, or they can let the sale stand and file a tort action to recover damages for wrongful foreclosure. *Dobson v. Mortg. Electronic Registration Sys., Inc./GMAC Mortg. Corp.*, 259 S.W.3d 19, 22 (Mo. App. E.D. 2008). What constitutes a "wrongful foreclosure" sufficient to set aside a sale differs from what constitutes a "wrongful foreclosure" sufficient to recover damages in tort. *Id.* at 22.

Although Plaintiffs label their first count as a claim of "Wrongful Foreclosure in Equity," their prayer for relief alternatively requests the Court to "enter a judgment against the Defendant Citi for damages[.]" Accordingly, the Court will first examine Plaintiffs' pleading to determine if it states a tort claim for wrongful foreclosure claim. *Id.*

Recovering damages in a tort action requires plaintiffs to plead and prove that the mortgagee had no right to foreclose at the time foreclosure proceedings were commenced. *Id.* More specifically, plaintiffs must plead such compliance with the terms of the deed of trust as would avoid lawful foreclosure. *Id.* Consequently, this Court shall review Plaintiffs' pleading to determine if they alleged sufficient factual matter that, accepted as true, would plausibly show that CitiMortgage had no right to foreclose at the time foreclosure proceedings were commenced.

Plaintiffs' pleading does not allege that their mortgage was not in default when the foreclosure proceeding began, or that Plaintiffs' compliance with the terms of the DOT was sufficient to avoid a lawful foreclosure. Rather, Plaintiffs claim that CitiMortgage lacked the proper standing and authority to foreclose on Plaintiffs' property at the time of sale because "the DOT and the Note were separated after closing and were not reunited in the foreclosing entities[.]" Plaintiffs also claim that CitiMortgage had no authority to appoint Millsap & Singer

4

as successor trustee under the DOT because CitiMortgage had not been assigned either the DOT or the Note at the time of the appointment.

Plaintiffs' complaint fails to allege sufficient factual matter that, accepted as true, would plausibly show that there was no default on Plaintiffs' part, or that CitiMortgage had no right to foreclose at the time foreclosure proceedings were commenced. Accordingly, Plaintiffs' petition fails to state a claim for damages for wrongful foreclosure. *Id.*

Having determined that Plaintiffs cannot sustain a cause of action in tort, the Court now shall evaluate whether their pleading sufficiently alleges factual matter to allow them to invoke the aid of equity. "If the mortgagee did have the right to foreclose, but the sale was otherwise void or voidable, the remedy is a suit in equity to set the sale aside." *Id.* However, a mortgagor may invoke the aid of equity to set aside a foreclosure sale only if the trustee's sale involved fraud, unfair dealing, or mistake. *Am. First Fed., Inc. v. Battlefield Ctr. LP*, 282 S.W.3d 1, 8 (Mo. App. E.D. 2009). Even where a mortgagee purchases a property for an inadequate price at its own foreclosure sale, the proceedings and circumstances surrounding the sale must evidence "a substantial irregularity or probable unfairness to justify setting aside the sale." *Id.* at 9.

Plaintiffs here do not argue that the sale was not fairly or lawfully conducted, nor do they plead any instances of fraud, partiality, or a less than full opportunity for competitive bidding. *See id.* Rather, as mentioned above, Plaintiffs claim that CitiMortgage and Successor Trustee Millsap & Singer lacked the proper standing and authority to conduct the foreclosure sale, stating that Defendant EquiFirst "was the only legitimate owner of the beneficiary interest of the subject Note and DOT" when the proceedings were commenced. Plaintiffs further assert that Millsap & Singer was not the legal Trustee under the DOT to conduct the sale at the time of the foreclosure, and that, consequently, "the foreclosure is null and void, voidable, rescindable, and due to be set

5

aside." Plaintiffs' pleading, liberally construed in their favor, still fails to demonstrate the requisite substantial irregularity or probable unfairness in the sale.

As an initial matter, the Court notes that, under Missouri law, makers of a note cannot collaterally attack the transfer of a note when holders had the right to transfer it. *Hamlin v. Hawkins*, 61 S.W.2d 348, 351 (Mo. 1933). Nevertheless, even if Plaintiffs had standing to question the transfer of their note, their argument would fail.

Essentially, Plaintiffs base their lack-of-standing and lack-of-authority arguments on the timing of the appointment of the trustee, the assignment of the DOT, and the endorsement of the Note. However, under Missouri's after-acquired title doctrine, title immediately vested in CitiMortgage's appointed Successor Trustee, Millsap & Singer, when MERS assigned the DOT to CitiMortgage on May 6, 2011. *See Hamlin*, 61 S.W.2d at 350 (maker had no title to land purported to be conveyed when he executed note secured by deed of trust on August 5, 1922; when he subsequently acquired title by quitclaim deed on April 19, 1923, "the title thus acquired passed immediately, by innurement, to trustee in deed of trust"); *So. Mo. Savings & Loan Assn. v. Thomas*, 754 S.W.2d 937, 939-40 (Mo. App. S.D. 1988); Mo. Rev. Stat. §§ 442.420, 442.430 (2010).

Acknowledgment and recordation of mortgage assignments are prima facie evidence of due execution and delivery. *Cockrell v. Taylor*, 145 S.W.2d 416, 421 (Mo. 1940). Furthermore, because an assignee of a deed of trust or a promissory note becomes vested with same interests, rights and powers possessed by the assignor, CitiMortgage acquired all the rights in the Property previously held by Equifirst when MERS asssigned DOT to CitiMortgage. *Black v. Adrian*, 80 S.W.3d 909, 914-15 (Mo. App. S.D. 2002).

Additionally, Plaintiffs' allegations reveal that CitiMortgage provided Plaintiffs a copy of the Note, with a blank endorsement signed by an agent of EquiFirst. This allegation, accepted as true, also gives rise to the reasonable inference that CitiMortgage was entitled to enforce payment of the Note. "Both endorsement and assignment transfer title to the assignee or endorsee; but the endorsement, if made before maturity, confers upon him the special rights of a holder in due course." *Cockrell*, 145 S.W.2d at 421. A holder in due course may enforce payment of a note. *Black*, 80 S.W.3d at 914; Mo. Rev. Stat. § 400.4-301 (2010). When a "blank" endorsement of an instrument is made by the holder of an instrument, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially endorsed by writing above the signature of the endorser, words identifying the person to whom the instrument is made payable. § 400.3-205 RSMo.

Millsap & Singer, as CitiMortgage's appointed Successor Trustee, was entitled to enforce payment of the Note no later than May 6, 2011, and thus possessed the proper standing and authority to conduct the foreclosure proceedings when it sent Plaintiffs the Notice of Trustee's Sale on June 2, 2011.

Plaintiffs' allegations, liberally construed in their favor and accepted as true, do not show that the Successor Trustee's sale involved fraud, unfair dealing, or mistake. *Am. First Fed., Inc.*, 282 S.W.3d at 8. Nor do they evidence a substantial irregularity or probable unfairness. *Id.* Accordingly, the Court finds that Plaintiffs fail to state a claim for an action in equity for wrongful foreclosure, and dismisses Plaintiffs' wrongful foreclosure claim.

## Count II: Quiet Title Claim

In Count II, Plaintiffs allege that all defendants[1] should be precluded from asserting ownership of valid title to the Property. Plaintiffs further allege that neither Equifirst nor CitiMortgage possess the original Note executed during Plaintiffs' purchase of the Property, and thus, neither defendant has a beneficial interest in the Note, nor any rights to the property under the DOT.

In their prayer for relief, Plaintiffs ask this Court to set aside the foreclosure sale of their home; to declare the Note to be void; to grant Plaintiffs fee simple title to the Property; to award Plaintiffs costs, expenses and attorney's fees, and for such other relief as deemed just and proper.

When Missouri courts evaluate the sufficiency of a petition in a quiet title action, they require only that the plaintiff allege that he has an estate, interest or title when the suit is initiated, stating the nature of his particular estate, interest or title, and that the defendant has an adverse claim. *Braun v. Petty*, 31 S.W.3d 521, 525 (Mo. App. E.D. 2000). "Plaintiffs must 'plead facts showing they, in fact, have a superior title to the property at issue.'" *Hess v. Wells Fargo Home Mortg.*, No. 12-0022, 2012 WL 872752 at *2 (E.D. Mo. March 14, 2012). Plaintiffs' pleading fails to plead any facts showing that they have superior title to the Property.

Furthermore, Plaintiffs' pleading merely states, in conclusory fashion, that all defendants "have claimed a legal interest in the Property or as a result of the wrongful foreclosure as described more fully in Count I." The foreclosure sale divested all of the parties to this appeal of any right, claim, or title to the property. *Fields v. Millsap & Singer, P.C.*, 295 S.W.3d 567, 570 (Mo. App. W.D. 2009). Significantly, Plaintiff's pleading does not identify who purchased the

---

[1]Defendant Freddie Mac also filed a Motion to Dismiss in this matter. In a separate Memorandum & Order, this Court granted Freddie Mac's Motion, dismissing Plaintiffs' entire action, as to Freddie Mac, for failure to state a claim.

Property at the foreclosure sale. Thus, Plaintiffs' pleading does not contain sufficient factual content that allows the Court to draw the reasonable inference that CitiMortgage has an adverse claim to the Property. Plaintiffs' quiet-title count fails to state a claim for relief.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant CitiBank's Motion to Dismiss for Failure to State a Claim [ECF No. 4] is **GRANTED.** This action is **DISMISSED with prejudice** as to Defendant CitiBank pursuant to Rule 12(b)(6).

Dated this   18th   day of June, 2012.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE