UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WENDELL E. SHEPARD and HYLLE C. SHEPARD, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:12CV00129 ERW ) |
| CITIMORTGAGE, INC.; EQUIFIRST CORPORATION; and THE FEDERAL HOME LOAN MORTGAGE CORPORATION, | ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Federal Home Loan Mortgage Corporation d/b/a Freddie Mac's ("Freddie Mac") Motion to Dismiss for Failure to State a Claim [ECF No. 5].

**I.    FACTUAL BACKGROUND**

The Court adopts the following statement of facts from the well-pleaded allegations in Plaintiffs' Complaint [ECF No. 8]. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

On February 27, 2006, Plaintiffs Wendell E. Shepard and Hylle C. Shepard ("Plaintiffs") purchased property located at 2340 Windsor Drive in Florissant, Missouri ("the Property"). Plaintiffs obtained financing to purchase the Property through Equifirst Corporation ("Equifirst"), executing a Note secured by a Deed of Trust ("DOT"). The DOT, which was recorded with the St. Louis Recorder of Deeds, appointed Integrity Land Title Company ("Integrity Land Title") as Trustee. On August 31, 2010, CitiMortgage appointed the Millsap & Singer, P.C. ("Millsap & Singer") law firm as Successor Trustee to Integrity Land Title under the

DOT.  On May 6, 2011, Mortgage Electronic Registration System, Inc., as nominee of Equifirst under the DOT, assigned the DOT to CitiMortgage.

On June 2, Plaintiffs received notice that, due to an alleged default under the Note, Millsap & Singer intended to conduct a Trustee's Sale of the Property through non-judicial foreclosure on June 23, 2011.  Through counsel, Plaintiffs submitted a written request to Millsap & Singer on June 7, asking that CitiMortgage make various documents available, including the original Note, the original DOT, and any assignments thereof.  Plaintiffs also asked that Millsap & Singer delay foreclosure until the original documents could be made available for their inspection.

Through Millsap & Singer, CitiMortgage provided copies of these documents to Plaintiffs on June 7, 2011; however, the original documents were never made available to Plaintiffs.  Among the documents produced by CitiMortgage was a copy of the Note, with an undated Note Endorsement signed by the Assistant Vice President of EquiFirst attached.

On June 23, 2011, a foreclosure sale of the Property was conducted as scheduled.

## II.  PROCEDURAL BACKGROUND

Plaintiffs filed a petition in the Missouri state court on July 25, 2011.  Plaintiffs' action contains two counts.  Count I is claim of wrongful foreclosure directed toward only CitiMortgage.  Count II is an action to quiet title against CitiMortgage, Equifirst, and Freddie Mac.

Freddie Mac properly removed Plaintiffs' action to the federal courts.  12 U.S.C. § 1452(f).  The Court has jurisdiction over this action.  *Id.*; 28 U.S.C. §§  1331, 1345, 1442.  Now before the Court is Defendant Freddie Mac's Motion to Dismiss [ECF No. 5].  On March 21, 2012, the Court issued an Order to Show Cause, finding that Plaintiffs had failed to file a

2

Response to Freddie Mac's Motion, and ordering Plaintiffs to show cause, no later than April 3, 2012, why the Motion should not be granted [ECF No. 15].  Plaintiffs moved for an extension of time, to allow them to obtain new legal counsel and to respond to the Order, and the Court extended Plaintiffs' Response deadline up to and including May 10, 2012.  Plaintiffs have not complied with the Court's Order.

### III.    LEGAL ANALYSIS

A party may move under Rule 12(b)(6) to dismiss a complaint for "fail[ing] to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  The purpose of a motion to dismiss is to test "the sufficiency of a complaint[.]"  *M.M. Silta, Inc. v. Cleveland Cliffs, Inc.*, 616 F.3d 872, 876 (8th Cir. 2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. at 678.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff[.]"  *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010).  However, if a claim fails to allege one of the elements necessary to recovery on a legal theory, that claim must be dismissed for failure to state a claim upon which relief can be granted.  *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011).

### Count I: Claim for Wrongful Foreclosure

As noted above, Plaintiffs' pleading contains two counts, a claim for wrongful foreclosure in equity, and a quiet title claim.  In Count I, Plaintiffs allege CitiMortgage is liable

3

for wrongful foreclosure in equity, and ask the Court to set aside the foreclosure sale and return Plaintiffs to their pre-sale status as owners of the Property.

Plaintiffs' pleading specifically states that this claim is directed to CitiMortgage. Scrutiny of the pleading confirms the absence of any allegations referencing Freddie Mac in Count I, much less sufficient factual content to allow this Court to draw the reasonable inference that Freddie Mac is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. at 678. Accordingly, Plaintiffs' wrongful foreclosure claim is dismissed as to Freddie Mac for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

### Count II: Quiet Title Claim

In Count II, Plaintiffs allege that all defendants, including Freddie Mac, should be precluded from asserting ownership of valid title to the Property. Plaintiffs further allege that neither Equifirst nor CitiMortgage possess the original Note executed during Plaintiffs' purchase of the Property, and thus, neither defendant has a beneficial interest in the Note, nor any rights to the property under the DOT.

In their prayer for relief, Plaintiffs ask this Court to set aside the foreclosure sale of their home; to declare the Note to be void; to grant Plaintiffs fee simple title to the Property; to award Plaintiffs costs, expenses and attorney's fees, and for such other relief as deemed just and proper.

When Missouri courts evaluate the sufficiency of a petition in a quiet title action, they require only that the plaintiff allege that he has an estate, interest or title when the suit is initiated, stating the nature of his particular estate, interest or title, and that the defendant has an adverse claim. *Braun v. Petty*, 31 S.W.3d 521, 525 (Mo. App. E.D. 2000).

As to Freddie Mac, even with the most liberal construction, Plaintiffs' pleading clearly fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Huggins*, 592

4

F.3d at 862.  Other than its allegation identifying the parties, the pleading's sole reference to this defendant states merely that Freddie Mac knew, or should have known, that the foreclosing party did not have standing to conduct the foreclosure sale of the Property.  Plaintiffs have not pleaded factual content that would allow this Court to draw any reasonable inference that Freddie Mac has an adverse claim to any interests Plaintiffs may have in the Property.  Because the pleading fails to allege this element necessary to recover in a quiet title action, Plaintiffs' claim against Freddie Mac must be dismissed.  *Crest Constr. II, Inc.*, 660 F.3d at 355; *Braun*, 31 S.W.3d at 525.

      Accordingly,

      **IT IS HEREBY ORDERED** that Defendant Federal Home Loan Mortgage Corporation d/b/a Freddie Mac's Motion to Dismiss for Failure to State a Claim [ECF No. 5] is **GRANTED.** This action is **DISMISSED with prejudice** as to Defendant Freddie Mac pursuant to Rule 12(b)(6).

      Dated this   18th   day of June, 2012.

                                                 E. RICHARD WEBBER
                                                 SENIOR UNITED STATES DISTRICT JUDGE